BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

MAY 31 1973

IN RE CESSNA AIRCRAFT DISTRIBU-   )
TORSHIP ANTITRUST LITIGATION      )   DOCKET NO. 123

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM*,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III*, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

This litigation consists of three actions pending in federal court in either Kansas City, Kansas, or across the Missouri River in Kansas City, Missouri. White Industries, a party to all three actions, moves the Panel for an order transferring the Kansas action under 28 U.S.C. §1407 to the Western District of Missouri for coordinated or consolidated pretrial proceedings. We find, and all parties generally agree, that these actions involve common questions of fact and that transfer of the Kansas action to the Western District of Missouri for coordinated or consolidated pretrial proceedings pursuant to Section 1407 will serve the convenience of the parties and witnesses and will promote the just and efficient conduct of the litigation.

Plaintiff White Industries has brought actions against Cessna Aircraft in the District of Kansas and the Western District of Missouri on behalf of a class of Cessna aircraft dealers in the United States, alleging violations of the Robinson-Patman Act

---

*Although Judges Wisdom and Lord were unable to attend the Panel hearing, they have, with the consent of all parties, participated in this decision.

and Section 1 of the Sherman Act. Also pending in the Western District of Missouri is an action brought by Cessna Finance Corporation against White Industries and its chief executive officer seeking payment on certain notes and security agreements executed by defendants in favor of Cessna Finance. In that action, defendant White Industries has counterclaimed against Cessna Finance and filed a third-party complaint against Cessna Aircraft, alleging violations of the federal antitrust laws similar to those asserted by White Industries in the two class action suits.

All parties agree that White Industries' antitrust claims are appropriate for coordinated or consolidated pretrial proceedings pursuant to Section 1407. And we find that such proceedings will insure that duplication of common discovery and inconsistent class determinations are prevented. In re Career Academy Antitrust Litigation, 342 F. Supp. 753,754 (J.P.M.L. 1972).

Because the federal courts wherein these actions are pending are within a short driving distance of each other, the selection of either court as the transferee forum for this litigation will not inconvenience any of the parties. The parties, however, prefer the Western District of Missouri as the transferee forum and the Honorable William H. Becker of that district has agreed to serve as the transferee judge for this litigation. We find, therefore that the action pending in the District of Kansas must be transferred under Section 1407 to the Western District of Missouri and with the consent of that court assigned to Judge Becker.

Cessna Finance, however, objects to having its claim against White Industries, which is based on contractual obligations, included in the coordinated or consolidated pretrial proceedings. Also, Cessna Finance has moved the Missouri court pursuant to Rule 42, Fed. R. Civ. P., to sever all allegations in White Industries' counterclaim and third-party complaint alleging violations of the federal antitrust laws and consolidate them with the White Industries action against Cessna Aircraft pending in the Western District of Missouri.

Inasmuch as both Missouri actions are already pending in the transferee district and assigned to Judge Becker for all purposes, the question of whether Cessna Finance's contract claim should be included in the coordinated or consolidated pretrial proceedings should be decided by the transferee court. In re Convenient Food Mart Franchise Litigation, 350 F. Supp. 1166, 1168 (J.P.M.L. 1972). Furthermore, Cessna Finance's Rule 42 motion is a pretrial motion and may be properly addressed to the transferee judge for resolution.

IT IS THEREFORE ORDERED that the action listed on the attached Schedule A and pending in the District of Kansas be, and the same hereby is, transferred to the Western District of Missouri and, with the consent of that court, assigned to the Honorable William H. Becker for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the actions pending in that district.

SCHEDULE A                                           DOCKET NO. 123

## DISTRICT OF KANSAS

| | |
|---|---|
| White Industries, Inc. v. Delbert L. Roskam, et al. | Civil Action No. KC 3518 |

## WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| White Industries, Inc. v. The Cessna Aircraft Co. | Civil Action No. 20245-4 |
| Cessna Finance Corp. v. White Industries, Inc., et al. | Civil Action No. 19925-4 |

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

NOV 13 1978

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE CESSNA AIRCRAFT DISTRIBUTORSHIP ) DOCKET NO. 123
ANTITRUST LITIGATION )
)

The Cessna Aircraft Co. v. Skyways, Inc.)
  et al., D.Kansas, C.A. No. 76-109-6C )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON, STANLEY A. WEIGEL, ANDREW A. CAFFREY,* AND
ROY W. HARPER, JUDGES OF THE PANEL.

PER CURIAM

In May 1973, pursuant to 28 U.S.C. §1407, the Panel centralized three actions (MDL-123 actions) in this litigation in the Western District of Missouri before the Honorable William H. Becker. In re Cessna Aircraft Distributorship Antitrust Litigation, 359 F.Supp. 543 (J.P.M.L. 1973). The MDL-123 actions were each filed in early 1972.

White Industries, Inc. (White) filed two of the MDL-123 actions on behalf of a nationwide class of retail dealers of The Cessna Aircraft Co. (Cessna). In 1974 Judge Becker issued an order certifying two nationwide classes of Cessna dealers from January 1, 1960 to April 14, 1968 and from April 14, 1968 to June 5, 1974, respectively.[1/] The complaints

---

\* Judge Caffrey was unable to attend the hearing in this matter but has, with the consent of all parties, participated in this decision on the basis of the pleadings and the transcript of the hearing.

1/ About a year later the Court of Appeals for the Eighth Circuit held that this order was not appealable. In re Cessna Aircraft Distributorship Antitrust Litigation, 518 F.2d 213 (8th Cir.), cert. denied, 423 U.S. 947 (1975).

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

NOV 13 1978

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE CESSNA AIRCRAFT DISTRIBUTORSHIP ) DOCKET NO. 123
ANTITRUST LITIGATION )
)
The Cessna Aircraft Co. v. Skyways, Inc. )
et al., D.Kansas, C.A. No. 76-109-6C )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD, EDWIN A. ROBSON, STANLEY A. WEIGEL, ANDREW A. CAFFREY,* AND ROY W. HARPER, JUDGES OF THE PANEL.

PER CURIAM

In May 1973, pursuant to 28 U.S.C. §1407, the Panel centralized three actions (MDL-123 actions) in this litigation in the Western District of Missouri before the Honorable William H. Becker. In re Cessna Aircraft Distributorship Antitrust Litigation, 359 F.Supp. 543 (J.P.M.L. 1973). The MDL-123 actions were each filed in early 1972.

White Industries, Inc. (White) filed two of the MDL-123 actions on behalf of a nationwide class of retail dealers of The Cessna Aircraft Co. (Cessna). In 1974 Judge Becker issued an order certifying two nationwide classes of Cessna dealers from January 1, 1960 to April 14, 1968 and from April 14, 1968 to June 5, 1974, respectively.[1/] The complaints

---

\* Judge Caffrey was unable to attend the hearing in this matter but has, with the consent of all parties, participated in this decision on the basis of the pleadings and the transcript of the hearing.

1/ About a year later the Court of Appeals for the Eighth Circuit held that this order was not appealable. In re Cessna Aircraft Distributorship Antitrust Litigation, 518 F.2d 213 (8th Cir.), cert. denied, 423 U.S. 947 (1975).

in both actions allege, generally, that Cessna's dual pricing system constitutes discriminatory pricing prohibited by the Robinson-Patman Act, that receipt of such discriminatory prices by Cessna distributors is unlawful under the Robinson-Patman Act, and that Cessna, Cessna distributors and certain individuals conspired in violation of Section I of the Sherman Act to eliminate competition by White and other Cessna dealers with Cessna distributors. Cessna and certain Cessna distributors are defendants in one of these actions. Other Cessna distributors are defendants in the second action. Cessna officers and Cessna affiliates are defendants in both actions. On September 10, 1975, after White, as class representative, and the distributor defendants had entered into settlement agreements, Cessna and certain of its officers and affiliates sought leave to file a cross-claim against most of the distributors in the Western District of Missouri. The cross-claim alleged that 1) sixteen individuals and/or distributors knowingly induced and received discriminatory price treatment from Cessna in violation of the Robinson-Patman Act; 2) the cross-claim defendants breached distributorship contracts by falsely reporting that all sales made by the cross-claim defendants were made only to authorized Cessna dealers; and 3) cross-claimants were entitled to indemnification from cross-claim defendants for any antitrust liability of the cross-claimants arising from cross-claim defendants' sales to other than Cessna dealers. Judge Becker denied leave to file the crossclaim.[2] On June 8,

---

[2] Judge Becker's ruling was affirmed by the Court of Appeals for the Eighth Circuit. In re Cessna Distributorship Antitrust Litigation, 532 F.2d 64 (8th Cir. 1976).

-3-

1976, Judge Becker approved the class settlements with the distributors and dismissed the actions against the distributor defendants.

The third MDL-123 action was brought by Cessna Finance Corporation (Cessna Finance) against White. Cessna Finance alleges that White and its chief executive officer executed certain notes and security agreements in favor of Cessna Finance and that defendant White has failed to make the required payments. In response to the complaint, White filed a counter-claim against Cessna Finance and a third-party complaint against Cessna alleging violations of the federal antitrust laws similar to the allegations in the two above-mentioned actions.

The above-captioned action (Skyways) was brought in the District of Kansas on March 6, 1976, by Cessna and certain of its officers and affiliates (the Cessna parties) against the same sixteen individuals and/or distributors who were the subject of the disallowed cross-claim in Judge Becker's court. The allegations of the complaint track the allegations in the cross-claim. On May 2, 1978, the Honorable Frank G. Theis dismissed the Cessna parties' Robinson-Patman Act claim, holding, inter alia, that the Cessna parties did not have standing to sue. He also dismissed the indemnification claim, holding, inter alia, that the Cessna parties could not assert a claim for indemnification until a judgment had been entered against them. Judge Theis ruled that the breach of contract

claim stated a cause of action, pending further resolution of statute of limitations and fraudulent concealment issues.

Pursuant to 28 U.S.C. §1407, the Cessna parties move the Panel to transfer Skyways to the Western District of Missouri for coordinated or consolidated pretrial proceedings with the MDL-123 actions pending there. White and defendants in Skyways oppose transfer.

We conclude that transfer of Skyways under Section 1407 would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation and, accordingly, we deny the motion to transfer Skyways.

The Cessna parties argue that Skyways and the MDL-123 actions share questions of fact and that transfer of Skyways is thus necessary to prevent duplicative discovery, avoid inconsistent pretrial rulings, and render more manageable the handling of the claims in Skyways. While we recognize the existence of common questions of fact between Skyways and the MDL-123 actions, a mere showing that such questions exist is not sufficient, in and of itself, to warrant transfer by the Panel.

As a result of the unique history of this docket, the Panel is now presented with a situation in which the transferee judge has already formally ruled upon the appropriateness of inclusion in the litigation in the transferee district of the very claims now raised by the Cessna parties in Skyways.

-5-

When Judge Becker denied leave to file the cross-claim in the MDL-123 actions, he found that permitting such leave would result in "untimeliness and prejudice as a matter of fact"[3]/ to the distributors and the other parties in the litigation. The Panel has long recognized that the successful use of Section 1407 can only occur in an atmosphere of trust, confidence, comity and good will among the district courts and the Panel. See In re Plumbing Fixtures Antitrust Litigation, 298 F.Supp. 484, 496 (J.P.M.L. 1968). In light of Judge Becker's ruling, we find that transfer of Skyways under Section 1407 would undercut that atmosphere in the **context** of this docket. As transferee judge, Judge Becker has a special vantage point with respect to the conduct of coordinated or consolidated pretrial proceedings, and we give great weight to his determination that inclusion of the Skyways claims in the litigation in the transferee district would be contrary to the interests of justice.

Furthermore, we note that the actions in the transferee district have been pending for more than six years, that the Cessna parties delayed asserting their cross-claim in the transferee district for three years, and that the Cessna parties have now waited for more than two years after the filing of Skyways to move for transfer of Skyways under Section 1407. Under these circumstances, we cannot conclude that the Cessna parties have met their burden of persuading us that transfer of Skyways would promote the just and efficient conduct of this litigation.

---

[3]/ Transcript of Proceedings before the Honorable William H. Becker, Report of Pretrial Conference, Sept. 10, 1975, p. 25.

-6-

IT IS THEREFORE ORDERED that the motion to transfer the action entitled The Cessna Aircraft Co. v. Skyways, Inc., et al., D. Kansas, C.A. No. 76-109-6C, be, and the same hereby is, DENIED.


ANDREW A. CAFFREY AND ROY W. HARPER, JUDGES OF THE PANEL, dissent from this opinion.

In March 1974, Judge Burke established a **class** composed of all persons who had purchased Holiday Magic distributorships or securities of any of the Holiday Magic companies. Two months later, Judge Burke approved a settlement between certain corporate, estate, trust and individual defendants and all members of that class.[1] The Ward plaintiffs had opted out of the settling class and currently are prosecuting their action solely against defendants not included in the settlement.

Although in actions other than Ward several non-settling claims are still pending before Judge Burke, according to the parties' statements in the record before us there has been little or no activity regarding these claims because of, inter alia, the appeal of the class settlement. In addition, the Holiday Magic companies are involved in bankruptcy proceedings in the Northern District of California, and all actions against those companies have been stayed by order of the bankruptcy court.

Plaintiffs in Ward concede that there has been only limited discovery in Ward and that pretrial proceedings are not complete in that action. Nevertheless, they argue, remand is appropriate at this time because Ward is the only

---

[1] Plaintiffs in Ward, as well as the defendants in one other action, appealed the court-approved class action settlement to the United States Court of Appeals for the Ninth Circuit. The Ward plaintiffs subsequently withdrew their appeal, and in the other appeal the Court of Appeals for the Ninth Circuit recently affirmed the settlement. Marshall v. Holiday Magic, Inc., 550 F.2d 1173 (9th Cir. 1977).

action in this litigation actively being prosecuted in the transferee district. These plaintiffs also maintain that they will be prejudiced by continued participation in pretrial proceedings in the transferee district because of certain pretrial rulings made by Judge Burke.[2]

The Panel's Rules of Procedure provide that the Panel shall consider the question of remand on the motion of any party, on the suggestion of the transferee court or on the Panel's own initiative. Rule 11(c), R.P.J.P.M.L., 65 F.R.D. 253, 261 (1975). In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings. See, e.g., In re IBM Peripheral EDP Devices Antitrust Litigation, 394 F. Supp. 796, 797 (J.P.M.L. 1975). The transferee judge's notice of suggestion of remand to the Panel is obviously an indication that he perceives his role under Section 1407 to have ended. In re Air Crash Disaster Near Dayton, Ohio, on March 9, 1967, 386 F. Supp. 908, 909 (J.P.M.L. 1975). Absent a notice of suggestion of remand from the transferee judge to the Panel, any party advocating remand before the Panel bears

---

[2] Judge Burke has ruled that some named plaintiffs in Ward, residents of Illinois, must give their depositions in the Northern District of California. In addition, Judge Burke denied without prejudice the Ward plaintiffs' motion for leave to file a second amended complaint which sought to change certain allegations to conform to discovery and to narrow the class on whose behalf Ward is brought.

a strong burden of persuasion. We rule that movants have not met this burden here and that the motion for remand is premature. Judge Burke has become thoroughly familiar with the issues in this entire litigation and is in the best position to determine the future course of Ward and the non-settling claims in other actions in the transferee district in relation to each other, in relation to the recently affirmed class action settlement, and in relation to the bankruptcy proceedings.

Plaintiffs' apparent dissatisfaction with some of Judge Burke's pretrial rulings is clearly not a factor to be taken into consideration by the Panel in exercising its discretion under Section 1407. The Panel has neither the statutory authority nor the inclination to review decisions of district courts, whether they are transferor or transferee courts. See In re Molinaro/Catanzaro Patent Litigation, 402 F. Supp. 1404, 1406 (J.P.M.L. 1975); In re Glenn W. Turner Enterprises Litigation, 368 F. Supp. 805, 806 (J.P.M.L. 1973).

IT IS THEREFORE ORDERED that the motion for remand of the action entitled James J. Ward, et. al. v. Holiday Magic, Inc., et. al., N. D. California, Civil Action No. C-74-1067-LHB, to the Northern District of Illinois pursuant to 28 U.S.C. §1407 be, and the same hereby is, DENIED.